NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1604
_____

KEVIN CLAUDE HAWSE,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondents

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A042-469-497)
Immigration Judge:  Honorable Margaret R. Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 22, 2013

Before:  AMBRO, SHWARTZ and SCIRICA, Circuit Judges

(Opinion filed: October 24, 2013)
_____

OPINION
_____

PER CURIAM

Kevin Claude Hawse, a native and citizen of Jamaica, was admitted to the United

States as a lawful permanent resident in 1992.  Over the course of the next two decades,

he was adjudicated guilty of numerous New Jersey offenses, including shoplifting (first

in 1994, and again in 1995), see N.J. Stat. Ann. § 2C:20-11(b)(1), and possessing a defaced firearm in 2010, see N.J. Stat. Ann. § 2C:39-3(d). As a result of the firearms offense, the Government charged him with removability under 8 U.S.C. § 1227(a)(2)(C).

Hawse conceded removability, but sought cancellation of removal under 8 U.S.C. § 1229b. Following a hearing, the Immigration Judge ("IJ") concluded that Hawse warranted a favorable exercise of discretion on his cancellation application, but determined that he was statutorily ineligible for such relief. Section 1229b(a) provides that the Attorney General may cancel the removal of an alien who, inter alia, "has resided in the United States continuously for [seven] years after having been admitted in any status[.]" 8 U.S.C. § 1229b(a). Continuous residence ends, however, when the alien commits an offense that renders him removable under 8 U.S.C. § 1227(a)(2). Id. § 1229b(d)(1)(B). Section 1227(a)(2)(A)(ii), in turn, provides that an alien is removable if, inter alia, he has been "convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct." The IJ found that Hawse's 1994 and 1995 shoplifting convictions constituted crimes involving moral turpitude that rendered him removable. Therefore, the IJ concluded, Hawse's period of continuous residence ended when he committed the second shoplifting offense in 1995, four years short of the requisite seven years of continuous residence.

Hawse filed an administrative appeal challenging the IJ's determination that his shoplifting offenses cut off his period of continuous residence. In particular, Hawse argued that he was not "convicted of . . . crimes" within the meaning of

2

§ 1227(a)(2)(A)(ii) because his shoplifting violations were not "crimes" under New Jersey law, but rather "disorderly persons offenses." See N.J. Stat. Ann. § 2C:20-11(c) (1994) (amended 2000) ("Any person found guilty of [shoplifting] under subsection b. is a disorderly person . . . ."); N.J. Stat. Ann. § 2C:1-4(b) ("Disorderly persons offenses . . . are not crimes within the meaning of the Constitution of [New Jersey]."). The Board of Immigration Appeals ("BIA" or "Board") rejected that argument, holding that Hawse's "shoplifting violations constitute convictions under [§ 1101(a)(48) (defining "conviction" for immigration purposes)] and therefore crimes under [§ 1227(a)(2)(A)(ii)]." This conclusion rested on the fact that the "shoplifting statute at issue . . . requires the State to demonstrate the elements of the offense beyond a reasonable doubt." Accordingly, the BIA held that Hawse was statutorily ineligible for cancellation, and dismissed the appeal. Hawse filed a timely petition for review.

We have jurisdiction over the petition pursuant to 8 U.S.C. § 1252(a). "Because the BIA issued its own decision, we review that decision, and not that of the IJ." Sheriff v. Att'y Gen., 587 F.3d 584, 588 (3d Cir. 2009) (citing Ezeagwuna v. Ashcroft, 301 F.3d 116, 126 (3d Cir. 2002)). "This Court reviews the BIA's legal determinations de novo, subject to the principles of deference articulated in Chevron U.S.A. Inc. v. NRDC, 467 U.S. 837, 844 (1984)." Briseno-Flores v. Att'y Gen., 492 F.3d 226, 228 (3d Cir. 2007) (parallel citations omitted) (citing Wang v. Ashcroft, 368 F.3d 347, 349 (3d Cir. 2004).

Here, the BIA held that "in order for the shoplifting offense at issue . . . to constitute a 'crime' under [§ 1227(a)(2)(A)(ii)], the elements of such offense must be

proved beyond a reasonable doubt and the conviction for such offense must constitute a 'conviction' under [§ 1101(a)(48)(A)]." We recently reviewed identical reasoning in Castillo v. Attorney General, -- F.3d --, 2013 WL 4712753 (3d Cir. Sept. 3, 2013). Castillo, like Hawse, pleaded guilty to shoplifting under N.J. Stat. Ann § 2C:20-11(b)(1) in municipal court in the mid-1990s. Id. at *1. In both Castillo and this case, the Board relied on the definition of "conviction" in § 1101(a)(48)(A), and the interpretation of that term in In re Eslamizar, 23 I. & N. Dec. 684 (BIA 2004), to conclude that a finding of guilt constitutes a "conviction" as long as it is made beyond a reasonable doubt. Castillo, 2013 WL 4712753, at *4.

We held in Castillo, however, that while it is a necessary condition that the finding of guilt be beyond a reasonable doubt, the better reading of Eslamizar requires a more "open-ended" inquiry into whether the proceeding was *criminal in nature* under the governing law.[1] Id. at *10. The factors relevant to that inquiry include "how the prosecuting jurisdiction characterized the offense at issue, the consequences of a finding of guilt, and the rights available to the accused as well as any other characteristics of the proceeding itself." Id. Given that the Board did not employ this "general 'criminal proceeding' approach to § 1101(a)(48)(A)," and because its reading of Eslamizar was not entitled to Chevron deference, see footnote 1, *supra*, we remanded for the BIA to clarify

---

[1] In reaching this conclusion, we noted that Eslamizar was "difficult to understand" and had not been consistently applied by the BIA. Castillo, 2013 WL 4712753, at *9, 11-13. Therefore, we determined that the decision was not entitled to Chevron deference. Id. at 12-13.

4

or reconsider <u>Eslamizar</u> and address whether Castillo was "convicted of a crime" under § 1227(a)(2)(A)(ii). <u>Id.</u> at *10, 13-14. Given the similarities between <u>Castillo</u> and this case, we believe that a remand is appropriate here as well.

For the foregoing reasons, we will grant the petition for review, vacate the order of the Board, and remand for further proceedings in accordance with this opinion.[2]

---

[2] Hawse's "Motion to Amend to Introduce New Evidence" is denied. <u>See</u> 8 U.S.C. § 1252(b)(4)(A); <u>Gomez-Zuluaga v. Att'y Gen.</u>, 527 F.3d 330, 340 (3d Cir. 2008) ("Our review is confined solely to the administrative record . . . .").